# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. WALSH, ESQUIRE, TRUSTEE of the BANKRUPTCY ESTATE of ALAN DAVID McMURRY, | |
| | CIVIL ACTION NO. 3:2007-651 |
| Movant/Appellee, | |
| v. | Appeal from Bankruptcy No. 05-29822 BM |
| ALAN DAVID McMURRY, | |
| | JUDGE GIBSON |
| Respondent/Appellant. | |
| JAMES R. WALSH, ESQUIRE, TRUSTEE of the BANKRUPTCY ESTATE of CYNTHIA A. BENSON, | |
| | CIVIL ACTION NO. 3:2007-113 |
| Movant/Appellee, | |
| | Appeal from Bankruptcy No. 03-34318 BM |
| v. | |
| CYNTHIA A. BENSON, | |
| Respondent/Appellant. | JUDGE GIBSON |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

These two matters come before the court on appeals from the orders of the United States Bankruptcy Court for the Western District of Pennsylvania dated March 26, 2007. The bankruptcy court sustained the Trustee's objections to the exemptions of Debtor Alan David McMurry's and Debtor Cynthia A. Benson's Individual Retirement Accounts pursuant to 11 U.S.C. § 522(d)(10)(E) and

disallowed the exemptions. The Court finds that the bankruptcy court erred in its rulings and will reverse.

## JURISDICTION and STANDARD OF REVIEW

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). The Court has authority to "review findings of fact for clear error and exercise plenary review over questions of law." *In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005). The District Court acts as an appellate court in this case, "review[ing] the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof." *Manus Corp. v. NRG Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999) (citation omitted).

## FACTUAL BACKGROUND

The evidentiary hearings concerning both of these matters were held jointly with the same transcript and opinion from the bankruptcy court applying to both appeals. The document numbers referred to herein are from McMurry's appeal to the extent they are duplicative (*e.g.* the bankruptcy court opinion and transcript). If a reference to a document concerning Benson is necessary, it will be referenced specifically.

### 1. McMurry

On July 29, 2005, Debtor Alan David McMurry (hereinafter "McMurry") filed a voluntary petition under Chapter 7. Bankruptcy Court Opinion (Document 1-8 (hereinafter "B.C.O.")), p. 7. At the time of filing, McMurry was fifty-five years old and was fifty-six at the time of the bankruptcy court's hearing. B.C.O., p. 7. At the time of filing, McMurry had a son and a daughter, ages eighteen and twelve, respectively, for whom he claimed to pay $1400.00 per month in child support and $300.00

2

per month in health insurance fees. B.C.O., p. 8. McMurry's children were nineteen and fourteen at the time of the remand hearing. B.C.O., p. 8.

On his statement of financial affairs, McMurry reported a gross income of $138,377.16 in 2003 and $149,827.56 in 2004. B.C.O., p. 8. He reported a gross income of $37,417.91 as of his Chapter 7 filing date in 2005. B.C.O., p. 8. McMurry reported monthly net income as of the filing date as $4,302.78 and monthly expenses totaling $4,685.00. B.C.O., p. 26. His expenses exceeded his income by $382.22. B.C.O., p. 8.

In July 2006, McMurry obtained full-time employment as Director of Engineering for a corporation and continues in this employment at present. B.C.O., p. 8. In response to an interrogatory, he indicated that his yearly salary for this position is $100,000.00. B.C.O., p. 28. His net monthly income is now $5,957.71. B.C.O., p. 31. The bankruptcy court estimates McMurry's current expenses to be $3,582.00 or less. B.C.O., p. 31. This leaves the McMurry with a surplus income of approximately $1,175.21 per month. B.C.O., p. 31.

On Amended Schedule C in the initial action, McMurry listed his Individual Retirement Account (hereinafter "IRA") as an asset in the amount of $22,938.17. B.C.O., p. 7. McMurry exempted $8,708.00 under § 522(d)(5), the general exemption provision. B.C.O., p. 8. This exemption is not challenged by James R. Walsh, Chapter 7 Trustee (hereinafter "Trustee") and is not at issue in this case. McMurry claimed the remainder of his IRA, $14,230.17 was exempt pursuant to § 522(d)(10)(E). B.C.O., p. 8. After a hearing on December 6, 2005, the bankruptcy court issued an order disallowing McMurry's claimed exemption under § 522(d)(10)(E). Order of December 6, 2005 (Document 1-4).

This Court disagreed with the bankruptcy court's holding based upon the analysis used by the

3

lower court, and issued an Order to that effect on August 18, 2006. District Court Memorandum Opinion and Order (Document 1-6), p. 10. This Court remanded the case to the bankruptcy court, instructing that court to analyze whether the IRA was reasonably necessary for the support of McMurry. District Court Memorandum Opinion and Order, p. 3. The Bankruptcy Court conducted evidentiary hearings, at which McMurry, not the Trustee, presented evidence. Transcript (Document No. 1-11), pp. 4-9. McMurry stated his legal position, claiming that the burden rested with the Trustee, but was encouraged to move forward with his case despite the lack of evidence presented by the Trustee. *See* Transcript, p. 9. Trustee claims that "the documentary evidence presented by the Debtor,...makes the Trustee's case, and that there is no need for the Trustee, to be able to rely upon facts contained in documents offered by the Debtor and admitted into evidence..., to reintroduce those same documents during the Trustee's presentation." Trustee's Brief (Document 3), p. 8. The bankruptcy court sustained the Trustee's objections to McMurry's proposed exemption.

McMurry brings the appeal at Civil Action Number 2:2007-651. The issues he appeals are as follows: 1) did the bankruptcy court commit an "error of law" in disallowing the claimed exemption because it was not in "pay status"?; 2) was it an "error of law" to require the appellant to go forward first with evidence, and to impose on him the burden of proof?; 3) "[s]hould the Bankruptcy Court have immediately denied the Trustee's objection to the appellant's claim when the Trustee failed to go forward with any evidence to support his objection?" McMurry's Brief (Document No. 2), p. 5.

### 2. **Benson**

On November 14, 2003, Cynthia A. Benson (hereinafter "Benson") filed a voluntary petition under Chapter 7. B.C.O., p. 3. At the time of filing, she was forty-eight years old and was fifty-one at

4

the time of the bankruptcy court's hearing. B.C.O., p. 3. At the time of filing, Benson had an eighteen year old dependent who is now twenty-one and no longer a dependent. B.C.O., p. 3.

Benson is employed by Family Eye & Vision Care. B.C.O, p. 2. Benson's employer established a 401(k) plan for its employees, which was later terminated, with its funds rolling over into an Individual Retirement Account (hereinafter "IRA"). B.C.O., p.2. Benson does not contribute to the IRA, but her employer does periodically make contributions to the account. B.C.O., p.2-3. Benson reported that her IRA had a total value of $25,506.00 at the time of filing. B.C.O., p. 3-4. Benson exempted $3,350.00 of the IRA funds pursuant to § 522(d)(5), which was not contested and is not at issue in this case. B.C.O., p. 4. Benson sought to exempt the remaining $22,156.00 in her IRA pursuant to § 522(d)(10)(E) and also claimed that this amount was excluded from the bankruptcy estate pursuant to § 541(c)(2). B.C.O., p. 5. The Trustee objected to the exclusion and exemption and his objections were sustained by the court. B.C.O., pp. 5-6. The court relied on the Third Circuit's decision in *In re Clark*, 711 F.2d 21 (3d Cir. 1983). B.C.O., p. 6.

Debtor appealed to this Court, which remanded the case. B.C.O., p. 6. This Court agreed that the IRA was not excluded from the estate under § 541(c)(2). B.C.O., p. 6. However, the Court remanded for further analysis on the § 522(d)(10)(E) issue. B.C.O., pp. 6-7. This Court found that *In re Clark* had been implicitly overruled by *Rousey v. Jacoway*, 544 U.S. 320, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005). B.C.O., p. 6. The Court instructed the bankruptcy court on remand to determine whether the exemption was "reasonably necessary" for support of the Benson and her dependents. B.C.O., p. 7.

The bankruptcy court held an evidentiary hearing, at which the Trustee presented no evidence. *See* Transcript, pp. 4-5. After having made clear that he believed that the burden of proof rested on the

5

Trustee, Benson's counsel moved forward with the case at the instruction of the court. *See* Transcript, pp. 5-9. Trustee claims that "the documentary evidence presented by the Debtor,...makes the Trustee's case, and that there is no need for the Trustee, to be able to rely upon facts contained in documents offered by the Debtor and admitted into evidence..., to reintroduce those same documents during the Trustee's presentation." Trustee's Brief (Document 3 at C.A. No. 3: 2007-113), p. 11. The court again sustained Trustee's objection and disallowed Benson's exemption. B.C.O., p. 25. Benson brought this appeal at Civil Action Number 3:2007-113.

Benson's issues on appeal are as follows: 1) did the bankruptcy court commit legal error by not requiring the Trustee to comply with the burden of production set forth in Federal Rule of Bankruptcy Procedure 4003(c)?; 2) did the bankruptcy court commit an error of law in not concluding that the exempted portion of Benson's IRA was reasonably necessary for both her support and the support of her related dependents"? Benson's Brief (Document No. 2 at C.A. No. 3: 2007-113), p. 5.

References to McMurry and Benson collectively shall be by the term "debtors".

## PRECEDENTIAL AUTHORITY

This Court remanded both cases to the bankruptcy court to resolve the issue of whether each IRA was "reasonably necessary for the support of the Debtor" per § 522(d)(10)(E) and the requirements set forth by the Supreme Court in *Rousey v. Jacoway*, 544 U.S. 320, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005). This Court relied on its conclusion that the Third Circuit's opinion in *In re Clark*, 711 F.2d 21 (3d Cir. 1983) had been implicitly overruled by the Supreme Court's decision in *Rousey*. On May 19, 2008, the Third Circuit acknowledged that its ruling in *Clark* has been implicitly overruled by the Supreme Court in *Rousey*. *See In re Krebs*, 527 F.3d 82 (3d Cir. 2008). The standard of analysis set

6

forth by this Court to be used by the bankruptcy court on remand was proper.

## BURDEN OF PROOF

As to the burden of proof, Federal Rule of Bankruptcy Procedure 4003(c) states: "In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). 11 U.S.C. § 522(l) provides that "unless a party in interest objects, the property claimed as exempt...is exempt." "Under the current rule if the objecting party fails to produce evidence in support of the objection, any factual issue must be resolved in favor of the debtor." 9-4003 Collier on Bankruptcy Rev. P 4003.04 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

Per § 522(l), "a claimed exemption is 'presumptively valid.'" *In re Carter*, 182 F.3d 1027, 1029, n. 3 (9th Cir. 1999)(citing 9 Collier on Bankruptcy, P 4003.04 (15th ed. rev. 1998)). Debtor's exemption being presumptively valid, the Trustee bore the burden of proving that the exemption was not properly claimed. The Trustee provided no evidence, but relied on the evidence presented by the Debtor in his defense. This is improper. The Trustee has the burden of "produc[ing] evidence to rebut the presumptively valid exemption." *In re Carter*, 182 F.3d at 1029, n. 3. The Trustee did not present evidence to show that the exemption was unreasonable.

The Bankruptcy Court conducted the following discussion regarding burden of proof during the evidentiary hearing on remand in this matter and although it is lengthy, it reveals the failure of the Trustee to produce evidence to overcome the presumption of validity and the failure of the bankruptcy court recognize the burden of production and the Trustee's failure to meet the burden:

7

**THE COURT:** Are we prepared to go forward?

**MR. WALSH:** We are, your Honor.

**THE COURT:** Burden of proof plays no part in this. The burden of proof will be the burden of proof. Does anyone wish to go forward first?

**(No audible response)**

**THE COURT:** If no one goes forward, I'll make a determination on burden of proof and send you on to the next level, to somebody who can make a decision. I'm not sure this is your burden -

**MR. WALSH:** I concur.

**THE COURT:** - the way I read Judge Gibson's determination, and the question is whether debtor's IRA meets the requirements under 522(d)(1)(E). I'll go forward on an empty record if you choose.

**MR. WALSH:** That is something. Our position, your Honor, is that -

**THE CLERK:** State your name for the record, please.

**MR. WALSH:** I'm sorry. James Walsh, Trustee and counsel for the Trustee. Is that it is the debtor's burden to prove that the IRA is needed for her future income and support payments.

8

**THE COURT:** I'm not making a decision on that. If I had to right now, that's my impression as well, but if the debtor doesn't want to go forward, I'll go forward.

**MR. WALSH:** Okay.

**THE COURT:** I'll do what I have to do. But I'm not going to coax anyone out of their chair. Well, Mr. Bierbach, we seem to have coaxed you out of your chair.

**MR. BIERBACH:** Thank you very much, your Honor. Your Honor, I disagree - I'm Charles Bierbach.

**THE COURT:** Okay.

**MR. BIERBACH:** I am counsel for the debtor, Cynthia Benson, now by marriage Cynthia Benson Leydig. Your Honor, I read the law differently in this case. My research indicates, if I might go to the table to get the case?

**THE COURT:** Feel free.

**MR. BIERBACH:** The case that I believe the Court should address or look to concerning the burden is **In Re: Nell Carter**. This is a case found at 182 Fed.3d 1027.

**THE COURT:** What level was that at? Is it at this low level or -

**MR. BIERBACH:** It's at the Ninth Circuit, your Honor, so it's not this Circuit.

9

**THE COURT:** The Ninth Circuit.

**MR. BIERBACH:** The Ninth Circuit Court of Appeals, yes. And specifically I refer this Court to, let me see if I can get the right -

**THE COURT:** That hasn't been overruled in the Supreme Court?

**MR. BIERBACH:** Not that I'm aware of.

**THE COURT:** So many things from the Ninth Circuit go to the Supreme Court. They seem to have filled up the Supreme Court's docket, and most all of them get overruled.

**MR. BIERBACH:** Well this case, I believe, is the-the page citation on this, your Honor, is page 1029.

**THE COURT:** I'm familiar with that case. I don't know anything here at the Circuit. I think Judge Gibson is directing that I make a determination as to whether this IRA is reasonably necessary for the debtor's support. I didn't think **Clark** dealt with that. I still don't think **Clark** dealt with that.

**MR. BIERBACH:** **Clark** or **Carter**?

**THE COURT:** No, I think **Clark** did deal with it. I don't think **Rowsey** dealt with it. It dealt with one and two but not three. Judge Gibson is an appellate court here and we give him great deference. Judge Ambrose is an appellate

10

court, and we give her great deference. She and Judge Gibson are in diametrically opposed positions. I have the impression that it's the debtor's duty to go forward to show that this IRA is reasonably necessary for her support. If you don't, you've done fine by your client so far, then we'll have an empty record here and I'll make a decision and we'll see what we see.

**MR. BIERBACH:** I understand that, your Honor. If I could simply make my legal argument first?

**THE COURT:** Oh feel free.

**MR. BIERBACH:** Yes. I believe that this **In Re:Carter** case, specifically in footnote three, states that looking at Federal Rule of Bankruptcy 4003(c) states: 'Initially this means that the objecting party has the burden of production and the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption.' And the footnote precedes that by saying that exemptions are presumptively valid. So in this case, I believe, correctly, that the burden rests with the Chapter 7 Trustee.

**THE COURT:** You believe correctly?

**MR. BIERBACH:** Yes, that it does, that the -

11

**THE COURT:** Okay. Not that you're correct but you believe that the burden - You think you're correct and -

**MR. BIERBACH:** Yes.

**THE COURT:** - you may even be right.

**MR. BIERBACH:** Yeah, that's correct, your Honor. I think I'm correct.

Now, if that means the Court is saying to me, 'You can operate at your peril', I'm not prepared to do that obviously, but I don't want to waive that legal position. I do have evidence that I can present with my client, and I'm prepared to move forward subject to the fact that I've made my legal position known to the Court.

**THE COURT:** That's fine. I think leaving an empty record would be going forward at your peril, but you're able to make that decision a lot better than I can for your client.

**MR. BIERBACH:** All right.

**THE COURT:** We have another matter that's also here with the very same issue. The issues are right on all fours and we'll see what we see.

Yes, sir?

**MR. VAPORIS:** Good morning, your Honor. Michael Vaporis on behalf of Mr. McMurray. I, too, also believe that it's the

12

Trustee's burden, but I'm prepared to go ahead and offer some evidence for the Court's consideration on the issue.

**THE COURT:** Whatever you do will be fine. We'll research in greater detail the question of burden of proof here. We're talking about who's going forward. If no one goes forward, we'll make a decision that we think, on this level, relates to burden of proof. And that person with the burden, on an empty record, will lose, and then you explain it to Judge Gibson.

**MR. VAPORIS:** Your Honor, which of the two -

**THE COURT:** Or explain it to Judge Ambrose.

**MR. VAPORIS:** Which of the two cases would you like to hear first?

**THE COURT:** I haven't a preference. I thought we could do this any way you fellows want.

**MR. VAPORIS:** I think since both counsel is ready and has his client here that I'll defer and let him go first.

**THE COURT:** All right, your position is on the record, Mr. Bierbach.

**MR. BIERBACH:** Thank you, your Honor. At this time then, I'd like to call my client, Cynthia Leydig, as a witness.

Transcript, pp. 4-10.

First, this Court did not address or otherwise assign a burden of proof to any of the parties in either debtors' previous appeal and remand. In McMurry's previous appeal this Court stated: "Therefore, in light of this holding the bankruptcy court's decision is reversed and this case remanded for further consideration in accordance with this decision, specifically, whether the IRA is reasonably necessary for the support of the Debtor." Memorandum Opinion and Order of Court (Document No. 8 at Civil Action Number 3:2005-290, p. 13 and Document No. 1-6 at Civil Action Number 2:2007-651, p. 8). The Court's Order on both of the previous appeals stated in pertinent part: "...and the only issue remaining regarding whether Debtor's IRA meets the requirements for exemption under § 522(d)(10)(E) is whether the IRA is reasonably necessary for [her/his] support, a fact intensive question for the bankruptcy court's determination." *Id.* at pp. 15, 9-10.

The bankruptcy court in its opinion in these two cases recognized the operation of the presumption of validity the exemption possesses, and that the objecting party, *i.e.* the trustee, must prove to the contrary citing Federal Rule of Bankruptcy Procedure 4003(c) and *In re Carter, supra. See* Transcript, pp. 14-15. Despite recognizing the correct burden of production in its opinion, the bankruptcy court allowed counsel for the Debtors to proceed out of the proper order of production, and then referred to their witnesses and evidence and found for the Trustee. For Attorney Bierbach in particular, his presentation of evidence was out of an abundance of caution with respect to the "unknown" burden of proof so that his client would not be prejudiced had the burden of production been his. To Benson and McMurry's detriment, the bankruptcy court took the evidence offered by their attorneys for a prophylactic purpose and characterized it as the Trustee's evidence. The court relied on the content of Benson's cross-examination by the Trustee and the court's perceived shortcomings of

14

evidence offered by Benson's attorney and the perceived shortcomings of the evidence offered by McMurry's attorney to apparently carry the Trustee's burden of production of evidence. B.C.O. pp. 18, 22-25,[1] 28-33. Moreover, the bankruptcy court notes McMurry's absence at the evidentiary hearing as the reason the Trustee could not inquire as to his present monthly living expenses. B.C.O., p. 30. All of this was improper under Rule 4003(c). The burden of production was improperly placed on the debtors. In particular, the physical absence of McMurry from the evidentiary hearing is an issue for the Trustee; it is his burden to produce evidence and if he wished to question McMurry regarding his present monthly income, the Trustee is responsible to produce him as a witness. Without presenting any evidence, the Trustee has not met his burden of production, the presumption of validity attached to the claimed exemption was not overcome and therefore the Trustee's objection cannot be sustained.

## CONCLUSION

In conclusion, this Court finds that the bankruptcy court erred as a matter of law in sustaining Trustee's objection. The Trustee did not meet his burden and therefore his objection must be overruled in favor of the Debtor.

An appropriate Order follows in each case.

---

[1] In this discussion at page 24, the bankruptcy court improperly projects the value of the IRA in question in the future and not as of the date of the claimed exemption. *See* 11 U.S.C. § 522(a)(2). However, this issue has not been appealed and this Court would nevertheless not address this issue because of our ruling above regarding the burden of production.

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. WALSH, ESQUIRE, TRUSTEE of the BANKRUPTCY ESTATE of CYNTHIA A. BENSON, | ) ) ) |
| Movant/Appellee, | ) CIVIL ACTION NO. 3:2007-113 ) ) Appeal from Bankruptcy No. 03-34318 BM |
| v. | ) ) |
| CYNTHIA A. BENSON, | ) ) |
| Respondent/Appellant. | ) JUDGE GIBSON ) |

## ORDER

**AND NOW**, this 2nd day of July, 2008, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the decision of the Bankruptcy Court dated March 26, 2007, in which the Trustee's objection to Debtor's exemption pursuant to § 522(d)(10)(E) was sustained, is REVERSED and IT IS FURTHER ORDERED THAT the Bankruptcy Court shall permit the Debtor's exemption under 11 U.S.C. § 522(d)(10)(E).

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

17